IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARLANDIS C. ISSAC,

                                              OPINION AND ORDER

              Petitioner,

                                              20-cv-129-bbc

      v.

WARDEN T.J. WATSON,

             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Arlandis C. Issac has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2010 conviction for armed robbery of a bank, in violation of 18 U.S.C. §§ 2113(a) and (d). Petitioner contends that his conviction is invalid under the Supreme Court's recent decision in Rehaif v. United States, 139 S. Ct. 2191 (June 21, 2019), because the government did not prove all of the elements of the offense. He is wrong, however. Rehaif does not support petitioner's claim for relief. Accordingly, I am denying his petition.

OPINION

Petitioner contends that his conviction for armed robbery of a bank under 18 U.S.C. §§ 2113(a) and (d) is invalid under Rehaif. The question in Rehaif was whether, in a prosecution for illegal possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2), the government had to prove to the jury that Rehaif knew that he was an alien "illegally or unlawfully in the United States," in which case he was barred from possessing a firearm. The

1

Supreme Court concluded that the government indeed needed to prove that Rehaif knew that he was in illegal alien status. Rehaif, 139 S. Ct. at 2200 ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). For those charged with being a felon in possession of a firearm, Rehaif holds that the government must prove that the criminal defendant knew that he or she possessed and firearm, and knew that he or she had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. United States v. Williams, 946 F.3d 968, 971 (7th Cir. 2020).

Rehaif does not help petitioner, for two reasons. First, petitioner was not charged with possessing a firearm unlawfully under §§ 922(g) and 924(a)(2). Petitioner was charged and convicted of armed bank robbery, and Rehaif says nothing about the elements of armed bank robbery. Second, petitioner pleaded guilty to armed bank robbery. The government did not have to prove any element of the charged offense because petitioner admitted that he committed the offense and admitted that the government would have been able to prove all elements of the offense at a trial. Therefore, the Supreme Court's analysis in Rehaif is irrelevant to petitioner's conviction. Accordingly, petitioner has not shown that he is entitled to relief under § 2241.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

## ORDER

IT IS ORDERED that

1. Petitioner Arlandis C. Issac's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 5th day of May 2020.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge